The **BARRETT–CRAVENS COMPANY**

v.

The **UNITED STATES.**

No. 482–54.

United States Court of Claims.
Jan. 31, 1956.

Lloyd Fletcher, Jr., Washington, D. C., for plaintiff. Paul B. Cromelin and John B. Olverson, Washington, D. C., were on the brief.

Edgar H. Brenner, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion for summary judgment.

Plaintiff's bid for two scale trucks, one to be delivered to the Government Printing Office in New York, and the other to the Government Printing Office in Chicago, was accepted by the defendant, and purchase orders were issued for them signed by Daniel H. Campbell, Director of Purchases in the Government Printing Office. The trucks were subsequently delivered. The dates of delivery are not stated.

On February 1, 1952, plaintiff submitted its bill for the two trucks. Its bill for the truck delivered to New York was paid, but the bill for the truck delivered in Chicago has not been paid.

On March 18, 1952, defendant wrote plaintiff complaining that there were missing parts on the truck delivered to New York, and that it needed adjustment. Plaintiff installed the missing parts and made the corrected adjustments. Subsequently, the Bureau of Weights and Measures of New York City certified that the scale truck met its re-

quirements for accurate weighing. Also, in March 1952 the defendant complained that the truck delivered in Chicago was not weighing accurately. Upon investigation, plaintiff alleges it discovered that the inaccurate weighing was due to an improper use of the truck, and so advised the Government Printing Office.

On October 16, 1952, the aforesaid Daniel H. Campbell, acting on behalf of the Government Printing Office, wrote plaintiff rejecting the truck delivered to New York, although it had already been paid for, and also the truck delivered to Chicago. The notice of rejection of the New York truck read as follows:

"Unserviceable when rec'd due to mechanical defects and missing parts. Truck continues to this date to be in inoperable condition due to your representatives' failure to make any satisfactory repairs despite repeated calls. Very poor construction and workmanship."

The notice of rejection of the truck delivered to Chicago read as follows:

"Unable to get any semblance of accuracy upon receipt. Mechanic called once and could not repair. Promised to send another mechanic. No one has called to date. Truck inoperable. Very poor construction and workmanship."

Plaintiff's suit is for the purchase price of the truck delivered to Chicago, the truck delivered to New York having already been paid for.

Defendant's motion for summary judgment is based on the ground that plaintiff took no appeal to the head of the department from the notice of rejection of the Chicago truck by the contracting officer. It says that article 13 of the contract provides in part:

"* * * Final inspection shall be conclusive except as regards latent defects, fraud, or such gross mistakes as amount to fraud. Final inspection and acceptance or rejection of the materials or supplies shall be made as promptly as prac-

ticable, but failure to inspect and accept or reject materials or supplies shall not impose liability on the Government for such materials or supplies as are not in accordance with the specifications. * * *"

It then says that article 30 of the contract provided:

"* * * any dispute concerning questions of fact arising under the contract shall be decided by the contracting officer for the Government, subject to written appeal by the contractor within 30 calendar days to the Public Printer or his duly authorized representative, whose decision shall be final and conclusive upon the parties hereto."

■ The notice of rejection was a finding by the contracting officer that the truck delivered to Chicago did not meet the specifications. This was a finding of fact, and under the contract was conclusive upon the parties, in the absence of an appeal to the Public Printer. Plaintiff's petition merely sets out the notice of rejection, which the contract makes conclusive, in the absence of an appeal, and no appeal is alleged.

■ But, plaintiff says that Daniel H. Campbell, the Director of Purchases, who signed the notice of rejection, was not the contracting officer. This is incorrect, because the record shows that he signed the purchase order. This made him the contracting officer.

■ Nor is there any merit in plaintiff's position that the rejection of the trucks by Campbell was a rejection by the Public Printer and, therefore, that an appeal to the Public Printer would have been idle. The notice of rejection signed by Campbell was, "For the Public Printer," but it was Campbell's action, and not the action of the Public Printer himself. Hence, an appeal to the Public Printer was not futile.

It would appear, therefore, that plaintiff's petition does not state a cause of action, and defendant's motion for summary judgment must be granted.

Defendant has filed a counterclaim alleging that its payment to plaintiff for the truck delivered in New York was in error, and that it had made demand for the return of the payment, and that no payment had been made. It, however, does not ask for summary judgment on this claim. Nor do we think it is entitled to summary judgment so long as it retains possession of this truck.

Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.